**NOT FOR PUBLICATION**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 3 0 2006 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MUHAMMAD ASHRAF ALI,

                Petitioner,

- against -

WILLIAM D. BROWN, Superintendent,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:06-cv-2192-ENV-SMG

VITALIANO, D.J.

## INTRODUCTION

On April 28, 2006, petitioner Muhammad Ashraf Ali ("Petitioner") petitioned this Court, *pro se*, for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a lengthy prison sentence after conviction on the charge of second degree murder. See N.Y. Penal Law § 125.25(1). For the reasons set forth, the petition is dismissed as untimely.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted, after a jury trial in the New York State Supreme Court, Queens County ("Supreme Court"), of second degree murder on August 15, 2004, and the trial judge subsequently sentenced him to a prison term of 25 years to life. Twelve days later, petitioner filed a *pro se* motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, raising ten claims. In an order dated September 22, 1994, the Supreme Court denied the motion. On December 14, 1994, the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), denied petitioner's application

for leave to appeal that order. On May 7, 1996, petitioner filed a second *pro se* motion to vacate his judgment of conviction pursuant to CPL § 440.10, raising the same claims. On June 20, 1996, the Supreme Court denied the motion.

On November 13, 1996, through assigned counsel, petitioner filed a direct appeal with the Appellate Division, raising three issues. On July 28, 1997, petitioner filed a *pro se* supplemental brief, raising 33 numbered additional issues. In a decision dated February 2, 1998, the Appellate Division unanimously affirmed petitioner's conviction. People v. Ali, 247 A.D.2d 396, 667 N.Y.S.2d 922 (2d Dep't 1998). On August 26, 1998, Judge George Bundy Smith of the New York State Court of Appeals denied petitioner's application for leave to appeal the decision of the Appellate Division. People v. Ali, 92 N.Y.2d 893, 680 N.Y.S.2d 56, 702 N.E.2d 841 (1998). Petitioner never sought a writ of certiorari from the United States Supreme Court.

Petitioner next filed a series of *pro se* CPL § 440.10 motions to vacate his judgment of conviction. On October 29, 1998, he filed the first in this series and third overall, which was denied on December 7, 1998. His request to renew the motion was denied on February 2, 1999, and his request seeking leave to appeal the decision was similarly denied on July 19, 1999. On August 19, 1999, petitioner filed a fourth CPL § 440.10 motion, which was denied on September 23, 1999. On December 2, 1999, petitioner filed a fifth CPL § 440.10 motion, which was denied on January 12, 2000. On February 6, 2001, petitioner filed a sixth CPL § 440.10 motion, which was denied on March 26, 2001. On August 2, 2001, petitioner filed a seventh CPL § 440.10 motion, which was denied on September 28, 2001. On May 2, 2002, petitioner filed an eighth CPL § 440.10 motion, which was denied on June 12, 2002. On February 27, 2003, petitioner

filed a ninth CPL § 440.10 motion, which was denied on April 4, 2003.

On March 17, 2005, petitioner moved *pro se* for a writ of error *coram nobis*, arguing that he had been denied the effective assistance of appellate counsel. On August 22, 2005, the Appellate Division denied the petition for a writ of error *coram nobis*. People v. Ali, 21 A.D.3d 565, 799 N.Y.S.2d 910 (2d Dep't 2005). On March 2, 2006, Judge Susan Phillips Read of the New York State Court of Appeals denied petitioner's application for leave to appeal the decision of the Appellate Division. People v. Ali, 6 N.Y.3d 831, 814 N.Y.S.2d 79, 847 N.E.2d 376 (2006).

The instant petition was filed on April 28, 2006. On August 10, 2006, respondent moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## DISCUSSION

### AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or

3

> claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For purposes of Section 2244(d)(1)(A), a conviction becomes final when the United States Supreme Court has denied certiorari or, if the defendant did not seek a writ of certiorari, the case here, when the 90-day period in which to do so expired. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Although the statute of limitations is tolled while the petitioner seeks state post-conviction or collateral relief, see 28 U.S.C. § 2244(d)(2), such motions do not reset the statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

### Timeliness of Habeas Corpus Petition

The conviction petitioner attacks here became final and the limitations period commenced on November 24, 1998 – 90 days after the New York State Court of Appeals had, on August 26, 1998, denied his request seeking leave to appeal. Petitioner did not file the instant petition until over seven years later, well outside the one-year limitations period. Assuming that the limitations clock was tolled at all points during which petitioner's ten state court collateral review motions were pending, the petition would still be untimely as, between November 24, 1998 and April 28, 2006, 1,870 days elapsed during which petitioner had no pending state court motions. In one single stretch, between January 12, 2000 and February 6, 2001, a period of 391 days elapsed while petitioner had no state court motions pending. Thus, it is clear beyond

4

question that the petition is untimely.[1]

The AEDPA statute of limitations is not jurisdictional and may, in the "rare and exceptional circumstance," be tolled equitably. Smith, 208 F.3d at 17. "To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001); see also Marengo v. Conway, 342 F. Supp. 2d 222, 230 (S.D.N.Y. 2004) (petitioner bears burden of establishing that tolling is warranted). Petitioner presents no fact-based explanation for his late filing, much less the type of explanation that could excuse a delay of many years. Furthermore, none of the circumstances listed in 28 U.S.C. § 2244(d)(1)(B)-(D) are present.

Assuming *arguendo*, moreover, that "actual innocence" constitutes a ground for waiving the limitations period, see Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003) (noting that the court has not determined whether "actual innocence" constitutes a valid ground of waiver), petitioner makes no such showing here.

---

[1] Petitioner indicated in his original petition that, at some point, he filed two state habeas corpus petitions with the New York State Supreme Court, Chemung County; and a third state habeas corpus petition with the New York State Supreme Court, Appellate Division, Third Department. Neither party has provided record support to show if and when the state petitions were filed and decided, and the official reports of the Third Department show no decision involving petitioner. In opposing respondent's motion to dismiss on timeliness, petitioner has provided no further information on these petitions. As such, the Court cannot include these petitions in its timeliness calculation, but in any event, it is most unlikely that disposition of these petitions would have taken over 1,500 days. Even if that were the case, however, there is support in the Second Circuit for the proposition that state habeas corpus petitions do not toll the AEDPA statute of limitations. See Martino v. Berbary, No. 03-cv-0923S, 2005 WL 724133, at *2 (W.D.N.Y. Mar. 30, 2005) (noting split in authority).

## CONCLUSION

For the foregoing reasons, the Court grants respondent's motion to dismiss the petition as time-barred. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this Order would not be taken in good faith. The Clerk of the Court is directed to enter judgment in favor of respondent and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
November 29, 2006

ERIC N. VITALIANO
United States District Judge